Per Curiam.
—The ancient rule that the allegations of a pleading are to be taken as stating the most favorable jjossible case for the pleader, and therefore that a fact, necessary to the cause of action, is not to be considered as-existing if-it be not alleged, must be applied in the present case. There being essential- omissions, no liberality in construing what appears, would cure the. defect. The-plaintiff alleges, “ that in his efforts to extinguish said fire the plaintiff’s left hand, without any negligence on his-part was severely burned.” There is no allegation that at the time he made the effort to extinguish the fire, the fire was spreading to other property than that actually burned, or that there was an appearance of the fire endangering life or other property, or that the effort was made for the purpose of preventing the fire imperiling life or other .property or causing further damage. From the pleading it is to be understood, that the facts of the case would not justify such allegation. It is to be taken that the fire was of a kind that did not threaten injury to person or further-damage, and that the evidence would so show. In the-latter case the party guilty of the negligence is not deemed to be responsible because the negligent act, it is deemed was not the proximate cause of the effort to extinguish.
The allegation that the effort to extinguish was without negligence on his part does -not increase the scope of the pleading, for this averment being equivalent to alleging that the defendant’s negligence was the sole cause of the damage, avails nothing, unless beyond it the pleading adequately states that the negligence was the cause of the damage.
For these reasons the complaint was properly dismissed.
Plaintiff’s exceptions overruled, defendant to enter judgment with costs.